**Dismissed and Opinion Filed July 21, 2014**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-14-00425-CV

**JACK ZIMMERMAN, JR., Appellant**
**V.**
**MARY ZIMMERMAN, Appellee**

**On Appeal from the 254th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-09-22794**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Bridges

This is an action to enforce the property division in a divorce decree rendered June 29, 2010.

The trial court signed its order enforcing the property division in the divorce decree on January 29,

2014. No party filed a post-judgment motion extending the appellate timetable. Thus, appellant's

notice of appeal was due on or before February 28, 2014. Appellant executed his notice of appeal

and placed it in the mail on April 2, 2014, and it was filed on April 4, 2014.

By letter dated April 10, 2014, the Court notified appellant that it appeared his notice of

appeal was untimely. The Court instructed appellant to file a jurisdictional brief by April 21, 2014,

explaining how this Court has jurisdiction over this appeal and warned appellant that failure to

comply could result in dismissal of the appeal without further notice. Appellant filed a letter brief

on April 24, 2014 in which he argued that he is entitled to proceed in forma pauperis, which the

Court has allowed to the extent that it permitted him to file his petition without the payment of costs. He further argued in his letter brief that the original decree of divorce improperly divided his separate property. Appellant then filed a further letter brief on April 30, 2014 in which he stated that he had not received notice of the trial court's order until March 4, 2014.

By letter dated May 7, 2014, we directed appellant to file, within forty-five days, a supplemental clerk's record showing he had filed a motion under rule 306a of the Texas Rules of Civil Procedure in the trial court to establish when he either first received notice of the enforcement order or acquired actual notice of the signing of the enforcement order and that he had received a ruling on the motion. We expressly cautioned appellant that failure to provide the required supplemental clerk's record would result in the dismissal of his appeal without further notice. To date, appellant has not provided the Court with a supplemental clerk's record indicating that he filed a rule 306a motion in the trial court and that the trial court has ruled on the motion, although in a letter dated July 8, 2014 appellant once again reiterated his claim that he did not receive notice of the trial court's order until March 4, 2014. Because there is no support in the record before the Court that appellant has filed a rule 306a motion and the trial court has ruled on the motion, there is no basis in the record before the Court for concluding that appellant's notice of appeal was timely.

In the absence of a post-judgment motion extending the appellate timetable, notice of appeal is due thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. Without a timely filed notice of appeal, this Court lacks jurisdiction. *See* TEX. R. APP. P. 25.1(b). Therefore, we **DISMISS** the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), (c).

140425F.P05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

–2–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JACK ZIMMERMAN, JR., Appellant

No. 05-14-00425-CV          V.

MARY ZIMMERMAN, Appellee

On Appeal from the 254th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DF-09-22794.
Opinion delivered by Justice Bridges.
Justices Francis and Lang-Miers participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellee MARY ZIMMERMAN recover her costs of this appeal from appellant JACK ZIMMERMAN, JR..

Judgment entered this 21st day of July, 2014.